IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEVRON PRODUCTS COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADVANCED CORROSION<br>TECHNOLOGIES & TRAINING, LLC,<br><br>　　　　　Defendant. | Case No. 20-cv-09095-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff Chevron Products Company ("Chevron") is suing Defendant Advanced Corrosion Technologies & Training, LLC ("ACTT") over ACTT's contractual performance and services at the Chevron Richmond Refinery. ACTT now moves to dismiss Chevron's claim for negligent misrepresentation and Chevron's demand for punitive damages. As explained below, the Court dismisses the negligent misrepresentation claim without prejudice and the demand for punitive damages with prejudice.

**I.　BACKGROUND**

**　　A.　Underlying Contract**

Chevron owns and operates the Chevron Richmond Refinery in Contra Costa County, California. See Compl. (dkt. 1) ¶ 5. On August 1, 2017, Chevron entered into a contract with ACTT in which ACTT "was required to perform non-destructive Positive Material Identification ("PMI") inspection services on piping circuits" at the refinery. Id. ¶ 6; Mot. (dkt. 23) Ex. A. The purpose of these inspections was to "verify the chemical composition of metal alloys" and to "prevent industrial accidents and maintain safety." Compl. ¶ 6; Mot. at 3. The contract also contained a provision limiting liability. It states:

> In no event shall either Party be liable for, and each Party shall release the other Party from and against, any punitive damages, exemplary damages, loss of profits, loss of opportunity, or loss of production which may be suffered by such Party in connection with the performance of this Contract; provided that third party damages subject to indemnification under this Contract will not be limited by this Section 7.4.

Mot. Ex. A at 32.

Chevron "paid ACTT approximately $4.6 million pursuant to the contract" for its services. Compl. ¶ 6. ACTT's contractual obligations began in November 2017. Id. ¶ 10. Chevron alleges that it "subsequently discovered that a significant percentage of ACTT's performance of the [s]ervices was deficient" and that Chevron "gave ACTT notice of these deficiencies promptly after discovery of these deficiencies and in October 2018 correspondence to ACTT." Id. ¶ 11. Specifically, Chevron claims that ACTT "failed to properly identify the metallurgy of the components within the scope of its work." Id. ¶ 11; see also Opp'n (dkt. 26) at 6. Chevron also alleges that ACTT made false representations because its reports "contained inaccurate descriptions of the work" and because ACTT "did not perform some of the PMI Services that it stated had been performed." Compl. ¶ 14; Opp'n. at 6. Chevron states that because of ACTT's failures and misrepresentations, Chevron "was required to hire a third party to redo and properly perform the entirety of the Services." Id. ¶ 15.

### B. Current Suit

Chevron brought suit against ACTT for breach of contract, breach of warranty, negligence, and negligent misrepresentation. See generally Compl. ACTT now moves to dismiss Chevron's fourth cause of action, negligent misrepresentation, and Chevron's demand for punitive damages. See Mot at 1–2. Chevron has filed an opposition and ACTT has filed a reply. See Opp'n; Reply (dkt. 28).

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) applies when a complaint lacks either "a cognizable legal theory" or "sufficient facts alleged" under such a theory. Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir.

2019).  In evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).[1]

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court nevertheless has discretion to deny leave to amend due to, among other things, "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

### III.  DISCUSSION

ACTT moves to dismiss the cause of action for negligent misrepresentation and the demand for punitive damages.  Mot. at 3.  ACTT argues that Chevron's negligent misrepresentation allegations are subject to, and fail to meet, the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.  Id. at 3–5.  Additionally, ACTT argues that the contract's "Limitation of Liability" provision precludes any demand for punitive damages.  See id.  Chevron argues that its negligent misrepresentation claim must only meet, and has met, the more lenient pleading standard of Rule 8 of the Federal Rules of Civil Procedure, and that the contract does not bar its demand for punitive damages.  See Opp'n.  ACTT is persuasive on both points.

#### A.  Negligent Misrepresentation Pleading

To survive a Rule 12(b)(6) motion, a complaint generally must meet the pleading requirements of Rule 8(a)(2) and must have "a short and plain statement of the claim showing that the pleader is entitled to relief" so that defendants can have "fair notice" of the claim.  Fed. R. Civ.

---

[1] The Court grants the request for Judicial Notice here (dkt. 23) because the complaint incorporates the relevant document, the contract.  See Compl. ¶¶ 7–9.

3

P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, a party alleging fraud must meet the heightened pleading standard of Rule 9(b). Fed. R. Civ. P. 9(b); Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001). Under Rule 9(b), a plaintiff must make allegations "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F. 2d 727, 731 (9th Cir. 1985). These claims should allege "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal citations omitted).

In California, "the elements of negligent misrepresentation are (1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." Ragland v. U.S. Bank National Assn., 209 Cal. App. 4th, 182, 196 (2012).

"The Ninth Circuit has not yet explicitly decided whether Rule 9(b)'s heightened pleading standard applies to a claim for negligent misrepresentation." Gilmore v. Wells Fargo Bank N.A., 75 F. Supp. 3d 1255, 1269 (N.D. Cal. Dec. 16, 2014). Moreover, district courts within the Ninth Circuit are "divided on [this] question." Njoku v. Geico Gen. Ins. Co., Case No. 19-cv-07757-JST, 2020 U.S. Dist. LEXIS 221993, at *7 (N.D. Cal. May 6, 2020).

In deciding whether to use a heightened pleading standard for negligent misrepresentation claims, district courts have taken at least three different approaches. First, some district courts have applied the heightened standard only if the specific allegations pleaded include fraud claims or claims "based in fraud." See, e.g., United States Capital v. AHMSA Int'l, Inc., Case No. 12-6520 JSC, 2013 U.S. Dist. LEXIS 20245, at *10 (N.D. Cal., Feb 14, 2013); Najarian Holdings LLC v. Corevest Am. Fin. Lender, LLC, Case No. 20-cv-00799-PJH, 2020 U.S. Dist. LEXIS 188667, at *14–15 (N.D. Cal. Oct. 9, 2020). This approach requires the court to analyze the pleadings on a case-by-case basis before deciding on the pleading standard. See AHMSA Int'l, Inc., U.S. Dist. LEXIS 20245, at *10. While fraud itself need not be an explicit element of the

4

claim, if plaintiffs are alleging conduct "grounded in fraud . . . the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

Second, some courts have ruled that negligent misrepresentation always "sounds in fraud" and is subject to a heightened pleading standard, even though "the claim does not require demonstrating an intent to deceive or defraud." See, e.g., Microsoft Corp. v. Hon Hai Precision Indus. Co., Case No. 19-cv-01279-LHK, 2020 WL 5128629, at *10 (N.D. Cal. Aug. 31, 2020); Gilmore, 75 F. Supp. 3d at 1270. Additionally, some California courts have stated that both "intentional and negligent misrepresentation sound in fraud." See e.g., Daniels v. Select Portfolio Servicing, Inc., 246 Cal. App. 4th 1150, 1166 (2016). Third, some courts have concluded that Rule 9(b) "applies only to allegations of fraud and not to allegations of negligent misrepresentation." See, e.g., Peterson v. Allstate Indem, Co., Case No. SACV 11-1987 DOC, 281 F.R.D. 413, 415 (C.D. Cal. 2012); see also South City Motors, Inc. v. Automotive Industries Pension Trust Fund, Case No. 15-cv-01068-JST, 2015 WL 4638251, at *5 (N.D. Cal. Aug. 4, 2015) ("Negligent misrepresentation differs with fraud in regards to one essential element: mental state.").

Because the Ninth Circuit has not yet ruled on the pleading standards for negligent misrepresentation claims, and because negligent misrepresentation claims vary in degree, this Court will use the case-by-case approach.

Although there is no explicit fraud claim in the complaint here, the complaint arguably includes claims based on knowing misrepresentations. Chevron alleges that ACTT submitted false reports to Chevron because ACTT signed reports even though "ACTT <u>did not perform some of the PMI Services that it stated</u>" and that "the reports contained inaccurate descriptions of the work that had been performed." Compl. ¶¶ 38–39 (emphasis added). While Chevron alleges at one point that "ACTT may have honestly believed that the representations in its reports were true," it also alleges that "ACTT had no reasonable grounds for believing the representations were true when it made them" and that "ACTT intended that [Chevron] rely upon the representations" made. Id. ¶¶ 40–41. Chevron further alleges that ACTT failed to disclose its non-performance.

5

See id. ¶ 7. "The Supreme Court of California has held that nondisclosure is a claim for misrepresentation in a cause of action for fraud"[2] and therefore "it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)." Kearns, 567 F.3d at 1127. The Court concludes that both the allegations of explicit misrepresentation and the allegations of nondisclosure here are subject to the heightened pleading standard of Rule 9(b).

Chevron fails to meet Rule 9(b)'s pleading standard because the complaint does not specifically allege the time, place, identities, and content of the misleading representations. See Swartz, 476 F.3d at 764. Chevron alleges that ACTT failed to accurately report its work, but does not specify which of the reports ACTT submitted during the year and a half that the contract was in place were incorrect,[3] who signed those incorrect reports, nor the specifics of what was incorrect in the reports. See Compl. ¶¶ 37–44. Additionally, Chevron claims that some reports contained work that was never done while other reports just misrepresented the work done, without specifying which reports fell into each category. See Compl. ¶¶ 38–39. These allegations are not specific enough to give ACTT notice of the "particular misconduct alleged" or give ACTT the ability to defend itself against any specific charges. See Semegen, 780 F. 2d at 731.

Chevron asserts that it can provide more details for this claim if given an opportunity to amend. See Opp'n. at 5. Therefore, the Court dismisses the negligent misrepresentation claim without prejudice.

### B. Contractual Waiver

Finally, ACTT argues that the contractual "Mutual Waiver of Punitive and Exemplary Damages" bars punitive damages.[4] Mot. at 6, Ex. A at 32. The Court agrees. Both Chevron and ACTT agree that the relevant provision in the contract, Section 7.4, relates to any party's liability for damages suffered "in connection with the performance of th[e] Contract." Mot. Ex. A at 32 (emphasis added); see Opp'n at 12. However, Chevron argues that its claims concern ACTT's

---

[2] Kearns involved fraudulent misrepresentation, not negligent misrepresentation. See Kearns, 567 F.3d at 1127.
[3] It is not clear from the complaint how many reports ACTT filed during this time period: three? Fifty?
[4] ACTT also argues that Chevron has not pleaded its demand for punitive damages with sufficient particularity. Mot. at 6. The Court does not reach this argument.

non-performance, and that non-performance is inherently different from performance of the contract. See Opp'n at 12. Not so. By alleging non-performance, Chevron is arguing that ACTT broke its contractual obligations, which is directly connected with the "performance of th[e] Contract." See Mot. Ex. A at 32. Amendment would be futile. The Court therefore dismisses the demand for punitive damages with prejudice.

IV. **CONCLUSION**

For the foregoing reasons, the Court DISMISSES Chevron's fourth cause of action without prejudice and DISMISSES Chevron's demand for punitive damages with prejudice.

**IT IS SO ORDERED.**

Dated: May 27, 2021

_____
CHARLES R. BREYER
United States District Judge